PARIENTE, Judge.
This appeal arises from a dispute concerning noncompliance with a rule of a cooperative apartment which resulted in a judgment entered against the appellant-owner for attorney’s fees and costs. Upon the failure of the owner to pay the attorney’s fees and costs, the trial court entered a final judgment of foreclosure on the owner’s cooperative unit. We reverse the final judgment of foreclosure as we find no legal authority for enforcement of the judgment arising from a violation of an internal rule through the mechanism of lien foreclosure either by statute or in the cooperative’s own documents.
Appellee, La Fontana Apartments of Palm Beach, Inc. (cooperative), is a cooperative apartment corporation. The owner has owned and occupied his cooperative apartment unit since 1984. A dispute arose after the owner refused to comply with a rule of the cooperative concerning the placement of nonconforming items and inflammable materials in his storage area, and a lawsuit was brought for injunctive relief seeking removal of the nonconforming items by the owner. According to the final judgment, subsequent to the filing of this lawsuit for noncompliance with a rule of the cooperative, it came to light that the nonconforming items did not belong to the owner but to another occupant, and the responsible person immediately removed the items.
The trial court denied the cooperative’s motion for an injunction because the materials had been removed. However, the trial court awarded the cooperative attorney’s fees and costs against the owner because a review of the evidence led the trial court to conclude that the owner deliberately acted to deceive the cooperative concerning ownership of the nonconforming items. The final judgment for attorney’s fees and costs included a provision that the cooperative was “granted a lien against the unit of the defendant” and if the costs and attorney’s fees were not paid, the cooperative “may move this court for a judgment of foreclosure.” When the attorney’s fees and costs were not paid, the cooperative moved for and obtained a judgment of foreclosure.
The issue raised in this appeal is whether a lien can be imposed on a cooperative unit when the owner fails to pay a judgment for attorney’s fees arising from the violation of a rule of the cooperative. In order to impose a lien for attorney’s fees stemming from a violation of a rule of a cooperative, it is necessary that the cooperative’s documents, or the Florida statute governing cooperatives, authorize imposition of a lien. See Bessemer v. Gersten, 381 So.2d 1344 (Fla.1980).
The cooperative’s position is that the lien was created by the internal documents of the cooperative which were in existence at the time of the owner’s purchase of the cooperative. It relies on only one provision in the bylaws which it claims created a lien for attorney’s fees. Section 6 of the bylaws provides:
The corporation shall have a lein (sic) on the outstanding regular membership in order to secure payment of any sum which shall be due or become due from the holders thereof for any reason whatsoever.... In the event that the Corporation ellect (sic) the remedy herein of lein (sic) foreclosure, there shall also be a responsibility upon the holders of membership to pay any and all costs of said foreclosure including a reasonable attorneys (sic) fee in the event that the Corporation shall prevail in said action.... This lien shall also include the right to injunctive relief in the event that the default by the member shall include acts or conduct or other matters exclusively or in addition to failure of any payments.
We find that the foregoing provision is too vague and overly broad to constitute valid, pre-existing consent on the part of an owner to foreclosure for nonpayment of attorney’s fees. Therefore, we do not find that the bylaws authorize a lien for attorney’s fees arising from an alleged violation of a cooperative rule of conduct.
The foregoing analysis is consistent with the statutory scheme governing cooper *1105 atives. Section 719.303, Florida Statutes (1993) allows for actions for damages or for injunctive relief to be brought for failure to comply with the cooperative’s association bylaws and specifies that the prevailing party is entitled to recover attorney’s fees. The statute is silent on whether a lien can be imposed by the cooperative if it is awarded reasonable attorney’s fees. However, while section 719.-303(3) authorizes the cooperative to levy a fine for failing to comply with a provision of the cooperative documents or rules, it specifically prohibits imposing a lien for the fine. It would be inconsistent to prohibit the imposition of a lien for a fine arising from a violation of a cooperative rule, but allow imposition of a lien for attorney’s fees incurred in enforcing the rule.[1]
Under the facts of this case, we do not find that there is statutory authority giving the cooperative a right to enforce payment of attorney’s fees for the violation of a cooperative rule through the mechanism of lien foreclosure. Although the trial court had the authority to assess attorney’s fees for noncompliance with a cooperative rule, the internal documents of the cooperative are not sufficiently specific to allow for this extreme remedy, nor is there a statutory basis for imposing a lien for attorney’s fees.
Finally, since we find the judgment of foreclosure invalid for the reasons just stated, we need not presently consider either the owner’s argument that his cooperative is exempt from forced sale by the Florida Constitution, article X, section 4(a), or the cooperative’s argument that this would constitute an exception to the homestead exemption as an obligation contracted for in the purchase of the cooperative pursuant to the same constitutional provision.
Accordingly, the judgment of foreclosure is vacated.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.

. The only section of chapter 719, the cooperative statute, which authorizes the remedy of lien-based foreclosure, section 719.108, limits the authority to liens "for unpaid rents and assessments.”